IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VENCENT W. SCALES, § | | |
| TDCJ No. 1869322, § | | |
| a.k.a. Vincent W. Scales, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 7:17-cv-117-O |
| § | | |
| ROBERT J. KLUSMEYER, § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion for Summary Judgment and Plaintiff's response thereto. ECF Nos. 85, 88. Upon review of the motion, the response, and the record in this case, the Court finds that Defendant's Motion for Summary Judgment should be **GRANTED**.

## Background

Plaintiff claims that, on August 20, 2015, he was stabbed during a fight with his cellmate, Danny Villarreal. *See* Amended Complaint, ECF No. 24 at 4. He states that prison guards gave him an order to lay face down and he complied. *Id.* Then, he claims, the guards used excessive force against him when they beat him with a "bean bar" bashing his head open, busted up his nose and face, and hurt his left eye and shoulder. *Id.* He seeks compensatory and punitive monetary damages and replacement of his damaged and stolen property. *Id.*

Defendant Klusmeyer argues that the force used against Scales was applied in a good-faith effort to maintain or restore discipline in response to Plaintiff's misconduct when he was viciously beating his cellmate. *See* Brief in Support of Defendant's Motion for Summary Judgment, ECF No. 86 at 11, 12. Klusmeyer states that the use force against Scales was immediately necessary in

order to save the life of Scales' cellmate, Danny Villarreal, to obtain medical treatment for Villarreal, and to ensure the safety of officers. *Id.* at 15. Klusmeyer further argues that he is entitled to qualified immunity for claims asserted against him in his individual capacity and that he is entitled to Eleventh Amendment immunity for claims asserted against him in his official capacity. *Id.* at 8-9, 20-21.

Plaintiff's claims against Defendants Tammy Messimer, Sherilyn Trent, Danny Villarreal, and Warden Charles Horsley, along with his missing property claims, have been dismissed from this case. *See* Order, ECF No. 59.

## **Legal Standards and Discussion**

"To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm . . . .' " *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the United States Supreme Court confirmed that the standard established in *Hudson* remains the law.

The facts in dispute in this action are documented in a video recording of events leading up to and including the use of force. *See* Defendant's Exhibit, ECF No. 87-8 at 578. The video recording shows Plaintiff Scales repeatedly punching his cellmate, Danny Villarreal, in the face and head area and stomping on Villarreal who is sitting partially upright on the floor of the cell. Villarreal appears semi-conscious and is bleeding profusely, primarily in the head and face areas. Officers at the scene repeatedly ordered Scales to stop beating his cellmate and submit to hand restraints. But the orders were ignored by Scales who continued to viciously beat Villarreal. As

2

stated by Scales himself, he "kicked [Villarreal] in the nuts and punched him in the throat and begin (sic) to beat him into a comatose state of reasonableness." *See* ECF No. 76 at 3.

Although the video camera arrived at the scene after the incident began, the recording shows that, in response to Scales' continued violent beating of Villarreal after repeatedly being ordered to cease, officers sprayed chemical agents into the cell at least five times. Scales attempted to block the use of chemical agents by placing what appears to be a pillow into the cell door tray slot. An officer quickly grabbed the pillow and removed it. Shortly thereafter, guards were given the order to enter the cell. As they entered, Scales charged toward the first officer and a struggle ensued. As officers attempted to subdue Scales, he continued to struggle and resist. Finally, when Scales was placed in restraints and removed from the cell, there was substantial bleeding in his head and face areas. As Villarreal was removed from the cell, his legs are seen in the video and he appears unstable. Officers are assisting him but he stumbles, falls, and is then picked up and carried away by officers. Scales was placed on a gurney and taken to the medical department without further incident.

The Court may assign great weight to facts evident from a video recording taken at the scene. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). "A court . . . need not rely on a plaintiff's description of the facts where the record discredits that description but should instead consider 'the facts in the light depicted by the videotape.' " *Id.* (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)).

The video of the incidents underlying this lawsuit reflects that Plaintiff engaged in extreme resistance to the efforts of prison guards in their attempts to restore order. Considering Plaintiff's

3

refusal to comply with orders, his continued beating of his cellmate, and his aggression toward officers as they entered the cell, there was a need for the application of force. The potential threat from Plaintiff was reasonably perceived and the officers used only the amount of force necessary to gain control of the situation. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Court finds that the use of force was the direct result of Plaintiff's own behavior, was applied in an effort to restore and maintain discipline, and was reasonable under the circumstances. The Court will not second-guess the actions of Defendant Klusmeyer or other officers who acted quickly in a volatile situation where a life may have been at stake. *See Funari v. Warden*, No. 7:12-cv-011-O, 2014 WL 1168924 (N.D. Tex. 2014) (finding use of force was not excessive where a guard struck an inmate in the face several times with his knee causing injury while an extraction team held the inmate on the floor of his cell attempting to gain control), *aff'd*, No. 14-10391, 609 F. App'x 255 (5th Cir. 2015); *Freeman v. Sims*, No. 7:10-cv-12-O, 2013 WL 1294676 (N.D. Tex. 2013) (finding use of force was not excessive where prison guard used a riot shield to slam an inmate into a wall, knocking him to the floor, and causing physical injury after inmate became belligerent, verbally abusive, and repeatedly twisted away from escorting guards), *aff'd*, No. 13-10492, 558 F. App'x 412 (5th Cir. 2014).

While it is unfortunate that the situation escalated to the point that force was used, Plaintiff cannot prevail on this claim. In situations such as this, "[prison officials] are entitled to wide-ranging deference." *See Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998) (finding that the use of mace to quell a disturbance caused by inmates on a bus did not constitute excessive force). "The amount of force that is constitutionally permissible . . . must be judged by the context in which

that force is deployed." *Id.* (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)). The use of force does not constitute cruel and unusual punishment when reasonably necessary to subdue a recalcitrant prisoner. *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975); *see Williams v. Hoyt*, 556 F.2d 1336, 1339-40 (5th Cir. 1977) (affirming jury verdict for the defendants where evidence was sufficient to show that mace was used only for the control of unruly prisoners and was, therefore, not excessive). The facts alleged by Plaintiff, that he was unnecessarily beaten by guards after complying with an order to lie face-down, are refuted by the video tape of the incident. The summary judgment evidence demonstrates that force was used against Plaintiff to restore and maintain discipline, not maliciously and sadistically in an effort to cause him harm.

The Court further finds that Defendant Klusmeyer is entitled to qualified immunity. His actions were objectively reasonable under the circumstances. Defendant Klusmeyer and other officers acted quickly in a volatile situation in an effort to restore and maintain discipline and possibly save a life.

## **Conclusion**

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the

outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory

facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in this case establishes that there are no genuine issues of material fact for trial and that Defendant Klusmeyer is entitled to summary judgment as a matter of law.

For the foregoing reasons and considering the summary judgment evidence submitted, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's complaint is **DISMISSED** with prejudice.

**SO ORDERED** this **28th day** of **May, 2020**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**